**FILED**
**Jul 02, 2018**
**10:52 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| **William H. Hoard, III,**<br>**Employee,** | )   **Docket No.: 2018-01-0111** |
| **v.** | ) <br> )   **State File No.: 11612-2018** |
| **Pilgrim's Pride Corp.,**<br>**Employer.** | ) <br> )   **Judge Audrey A. Headrick** |

---

## EXPEDITED HEARING ORDER

---

This matter came before the Court on June 15, 2018, on the Request for Expedited Hearing filed by William H. Hoard, III. The central legal issue is whether he is likely to establish at a hearing on the merits that he is entitled to medical and temporary disability benefits. For the reasons below, the Court holds Mr. Hoard is not entitled to the requested benefits at this time.

### History of Claim

#### *Notice*

Mr. Hoard alleges he sustained a back injury while performing heavy lifting at Pilgrim's Pride. His date of injury is unclear. According to the Petition for Benefit Determination (PBD) and the Dispute Certification Notice (DCN), he injured his back on May 22, 2017. However, Mr. Hoard's affidavit stated he injured his back on December 21, 2017, but he testified he injured his back on December 21, 2016. Mr. Hoard filed his PBD in June 2017, eight months after Pilgrim's Pride terminated him.

Mr. Hoard admitted he never gave notice of a back injury to anyone at Pilgrim's Pride except Robbie Brown, the company's Nurse Manager. However, he also testified he never reported his injury to keep his job. Mr. Hoard said he saw Ms. Brown on March 5, 2017, and told her he injured his back lifting heavy tubs. The nurse's records, however, contain no record of him visiting the First Aid clinic on March 5. The proof also established that March 5 fell on a Sunday, and Mr. Hoard only worked weekdays.

1

Ms. Brown's testimony differed significantly. She stated she never saw him before the hearing. Ms. Brown explained that nurses under her assist employees in First Aid while she performs other duties. She stated Pilgrim's Pride uses an elaborate tracking system when employees report to First Aid, even if it is only for a band aid. Further, Ms. Brown did not know about Mr. Hoard's claim until March 5, 2018, which is when she documented his claim.

Nathan Hilton, Mr. Hoard's supervisor, confirmed that Mr. Hoard never asked to see the nurse or complained of a work-related back problem before his termination. Mr. Hilton stated he would have sent Mr. Hoard to the nurse if he requested treatment. However, Mr. Hilton did recall Mr. Hoard clocking out to go to the emergency room on December 21, 2016.

Mr. Hoard testified he decided to file a workers' compensation claim after Pilgrim's Pride terminated him.

*Medical Proof*

Mr. Hoard testified that he sought treatment on his own after Mr. Hilton allegedly refused to let him see the nurse. The December 21, 2016 emergency room record reflects that he reported doing heavy lifting at work and complained of pelvic and bilateral thigh pain that began the prior day. The medical provider diagnosed an abdominal muscle strain.

Mr. Hoard returned to the emergency room in February and May of 2017 due to low back pain. He told the provider he thought his back pain came from "working at the chicken house." The medical provider diagnosed lumbar radiculopathy. In the interim, Mr. Hoard also saw Dr. Bess Ingram. However, none of the physicians gave a causation opinion regarding Mr. Hoard's back condition.

*Credibility*

Mr. Hoard's testimony yielded numerous discrepancies. For example:

- He marked "no" in response to a question on Pilgrim's Pride's application regarding whether Mr. Hoard had ever been convicted of a felony. Mr. Hoard, however, later admitted to two felony convictions. He said he omitted them because he had "never been convicted of a crime in Chattanooga," and he left his past behind him in California when he moved to start a new life.

2

- Mr. Hoard, and his witness, Jessica McNeese, testified he had no injuries before his alleged back injury at Pilgrim's Pride.[1] After refreshing his memory with a Facebook video, Mr. Hoard recalled a serious go-cart accident that required emergency medical care immediately before Pilgrim's Pride hired him.
- Mr. Hoard and Ms. McNeese testified he could not climb ladders due to his back. A May 2018 Facebook photo refreshed his memory of standing on a ladder while holding a hammer. Mr. Hoard stated it was a staged photo.
- Mr. Hoard and Ms. McNeese stated he uses a cane most of the time and uses his mother's wheelchair for long distances.[2] Video taken two days before the hearing showed Mr. Hoard hurriedly going up and down a flight of stairs with no apparent difficulty. He stated he has good days and bad.

### Findings of Fact and Conclusions of Law

To prevail at an expedited hearing, Mr. Hoard must provide sufficient evidence to show he would likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017). He failed to provide sufficient evidence.

As to notice, Tennessee Code Annotated section 50-6-201(a) provides that an injured employee must give written notice of an injury within fifteen days absent the employer's actual knowledge of the accident. Further, Section 50-6-201(a)(3) provides that any defect or inaccuracy in the notice will not bar compensation "unless the employer can show, to the satisfaction of the workers' compensation judge before which the matter is pending, that the employer was prejudiced by the failure to give the proper notice, and then only to the extent of the prejudice."

Here, the Court finds that Mr. Hoard gave no notice of his back injury to Pilgrim's Pride until approximately eight months after his termination. While Mr. Hoard said he told Ms. Brown about his alleged back injury, she testified she never met him before the hearing. The Court found Ms. Brown credible and credits her testimony. The Court further finds that Mr. Hoard's reason for failing to give notice is not believable. He testified he did not give notice because he wanted to keep his job. However, Pilgrim's Pride terminated him in June 2017, and Mr. Hoard waited for approximately eight months to file a PBD. Although section 50-6-201(a)(3) provides some latitude, it does not give employees a free pass to give notice at their leisure. To construe the statute otherwise would render it meaningless. Therefore, the Court holds that Mr. Hoard is not likely to prevail at a hearing on the merits on the notice issue.

---

[1] Ms. McNeese lives with Mr. Hoard.

[2] The records reflect that no medical provider recommended that Mr. Hoard use a cane or a wheelchair.

Mr. Hoard's credibility is intricately tied to the notice issue. Pilgrim's Pride repeatedly impeached his testimony throughout the hearing, and Mr. Hoard failed to offer plausible explanations for the discrepancies. The Court did not find his testimony credible. Further, aside from Mr. Hoard's failure to give notice, he also failed to show, to a reasonable degree of medical certainty, that his work duties "contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C). Therefore, the Court holds that Mr. Hoard is not likely to prevail at a hearing on the merits in proving his work caused his injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Hoard's requested relief is denied at this time.

2. This matter is set for a Status Hearing on Friday, August 31, 2018, at 10:00 a.m. Eastern Time. You must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call may result in a determination of the issues without your participation.

**ENTERED July 2, 2018.**

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

# APPENDIX

<u>Exhibits</u>:
1. Affidavit of Mr. Hoard
2. Letter from Dale Buchanan
3. Photo of Mr. Hoard's back
4. Medical records
5. Pilgrim's Pride Nurse's Records
6. Written statement of Crystal Speed, LPN
7. Pilgrim's Pride Occupational Health form
8. First Report
9. Wage Statement
10. Notice of Denial
11. Application
12. Photo of Mr. Hoard's upper body
13. Corrective Discipline Form (Second written warning-jewelry)
14. Corrective Discipline Form (Second written warning-attendance)
15. Corrective Discipline Form (Final written warning-attendance)
16. Corrective Discipline Form (Suspension-attendance)

<u>Technical record</u>:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Notice of Filing
4. Request for Expedited Hearing
5. Notice of Expedited Hearing
6. Notice of Deposition
7. Employer's Pre-Hearing Brief
8. Employer's Witness List & Exhibit List

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on July 2, 2018.

| Name | Certified Mail | Via Email | Email Address |
|------|----------------|-----------|---------------|
| William H. Hoard, III, Employee | X | X | 4408 12th Avenue Chattanooga, TN 37407 waxloco@gmail.com |
| Cliff Wilson, Employer's Attorney | | X | cwilson@howardtatelaw.com acolgate@howardtatelaw.com |

PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____       2. Address: _____

3. Telephone Number: _____       4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                                 RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries    $ _____ per month    Telephone    $ _____ per month

Electricity    $ _____ per month    School Supplies $ _____ per month

Water    $ _____ per month    Clothing    $ _____ per month

Gas    $ _____ per month    Child Care    $ _____ per month

Transportation  $ _____ per month    Child Support  $ _____ per month

Car    $ _____ per month

Other    $ _____ per month (describe: _____ )

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT


Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)        RDA 11082